UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lee Otis Thompson, | ) | C/A No. 2:25-cv-09756-RMG-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Samuel J. Jasper, III, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Lee Otis Thompson ("Plaintiff"), proceeding pro se, filed this action alleging violations of his constitutional rights. ECF No. 1. Before the Court is a Motion to Dismiss filed by Defendant Samuel J. Jasper, III. ECF No. 12. Because Plaintiff is proceeding pro se, the Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to adequately respond to Defendant's Motion. ECF No. 13. Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss, ECF No. 15, and Defendant filed a Reply, ECF No. 17. Defendant's Motion to Dismiss is ripe for review.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2), (D.S.C.). Because the Motion to Dismiss is dispositive, this Report and Recommendation is entered for review by the District Judge. For the reasons that follow, the undersigned recommends that the Motion to Dismiss be granted, in part, and denied, in part.

## BACKGROUND[1]

Plaintiff is a pretrial detainee at the Berkeley County Detention Center. Records from Berkeley County indicate that Plaintiff has pending charges for "Possession of cocaine, 1st offense" (case no. 2025A0810201186) and "Resisting / Assault, beat, or wound police officer serving process or while resisting arrest" (case no. 2025A0810201187).[2]

In his Complaint, Plaintiff alleges that Defendant is an officer of the Berkeley County Sheriff's Office. ECF No. 1 at 4. Plaintiff alleges that while he was riding his bike on a road in Berkeley County, Defendant stopped Plaintiff for not having a light on the back of his bicycle. *Id.* at 6. Plaintiff alleges that there was no reason for the stop because it was daylight and even Defendant's patrol car headlights were not on. *Id.* He alleges that Defendant became aggressive towards him and asked about Plaintiff's probation and issues in Plaintiff's personal life, such that it appeared Defendant had been investigating Plaintiff and instituted a "harasmental [sic] stop." *Id.*

Plaintiff alleges that Defendant proceeded to frisk him and found a "Shelay Pipe Bowl," which Plaintiff claims is legal for smoking "hooka tabacco products." *Id.* He alleges that Defendant improperly insinuated that Plaintiff was carrying drugs and "became more aggressive by twisting the Plaintiff's arm roughly[] and forc[e]fully." *Id.* at 6–7. Plaintiff admits to "slightly resisting"

---

[1] The Complaint's factual allegations, and all inferences therefrom, are construed in the light most favorable to Plaintiff for purposes of ruling on Defendant's Motion to Dismiss. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[2]     *See* Berkeley County Ninth Judicial Circuit Public Index, https://publicindex.sccourts.org/Berkeley/PublicIndex/PISearch.aspx [search case number listed above] (last visited Feb. 13, 2026). This Court "may properly take judicial notice of matters of public record." *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"). Moreover, "a court may properly take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023).

against Defendant because Defendant was allegedly attempting to put Plaintiff's hands behind his back "without any cause." *Id.* at 7.

Plaintiff claims that Defendant and Defendant's K9 were with Plaintiff for about 45 minutes to an hour and that another police officer and K9 arrived after Plaintiff had been placed in handcuffs and was in the back seat of Defendant's patrol car. *Id.* Shortly after the other officer arrived, Defendant told Plaintiff that Plaintiff was being charged with possession of cocaine. *Id.* Plaintiff asked, "What cocaine?" and Defendant told him that the other officer found cocaine that Plaintiff supposedly had tossed in the woods. *Id.* Plaintiff alleges that he was framed. *Id.* Plaintiff also questions why the initial traffic stop for the lack of a taillight lasted so long, and he alleges that he never received a ticket or warning for the light. *Id.*

Plaintiff asserts that Defendant deprived Plaintiff of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. *Id.* at 7. He lists his "injuries" as "false arrest, malice, framed," and he requests ten million dollars in damages. *Id.* at 8.

## LEGAL STANDARD

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)); *see Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant will have "fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(internal quotation marks omitted). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570).

When considering a Rule 12(b)(6) motion, the court is required to evaluate the complaint in its entirety, including documents attached to or incorporated into the complaint; accept the allegations in the pleading as true; and draw all reasonable factual inferences in favor of the party opposing the motion. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440, 448 (4th Cir. 2011). The court may consider a document not attached to the complaint, so long as the document "was integral to and explicitly relied on in the complaint," and there is no authenticity challenge. *Id.* (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).

"A complaint should not be dismissed as long as it provides sufficient detail about the claim to show that the plaintiff has a more-than-conceivable chance of success on the merits." *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 511 (4th Cir. 2015) (internal quotation marks and brackets omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not analogous to a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Additionally, pro se filings are to be "liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). This "[l]iberal construction of the pleadings is particularly appropriate where, as here,

4

there is a pro se complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (citation omitted); *Williamson v. Stirling*, 912 F.3d 154, 173 (4th Cir. 2018) (noting "we are obliged to construe [a complaint's] allegations liberally and with the intent of doing justice"). However, the Court "need not accept the [plaintiff's] legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citations and quotation marks omitted).

## DISCUSSION

In his Motion to Dismiss, Defendant argues that he is entitled to Eleventh Amendment immunity as to any claims alleged against him in his official capacity. ECF Nos. 12; 12-1 at 2–3. He also argues that any claim alleged against him in his individual capacity should be dismissed for failure to state a claim. ECF Nos. 12; 12-1 at 4–6.

### I.     Official Capacity Claims

The undersigned agrees that, to the extent Defendant is being sued in his official capacity, he is entitled to immunity under the Eleventh Amendment. Under the Eleventh Amendment, federal courts are barred from hearing claims for damages against a state or its instrumentalities, unless the state has consented to the suit. *Fauconier v. Clarke*, 966 F.3d 265, 279 (4th Cir. 2020); *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) ("It has long been settled that [the Eleventh Amendment's] reference to 'actions against one of the United States encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). Accordingly, unless South Carolina has consented to suit or Congress has waived South Carolina's immunity pursuant to the Fourteenth Amendment, South Carolina (and its agencies) may not be sued for damages in federal or state court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66–67 (1989).

5

Congress has not abrogated the states' sovereign immunity under § 1983, *Will*, 491 U.S. at 66–67; *Quern v. Jordan*, 440 U.S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e) ("Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States. . . ."); *see Pringle v. S.C. Ret. Sys.*, No. Civ. A. 2:06-3294-PMD, 2007 WL 295626, at *5 (D.S.C. Jan. 29, 2007).

Defendant, as a deputy for the Berkeley County Sheriff's Office, ECF No. 1-1 at ¶ 2, is considered an instrumentality of the state when sued in his official capacity. It is well-established in South Carolina that sheriff's deputies sued in their official capacities are entitled to Eleventh Amendment immunity. *McCall v. Williams*, 52 F. Supp. 2d 611, 615 (D.S.C. 1999) ("As an arm of the State, a deputy sheriff is entitled to Eleventh Amendment immunity from civil damages suits in federal court, unless the State expressly waived this immunity."). As a result, the Eleventh Amendment bars Plaintiff's claims against Defendant in his official capacity. *See Will*, 491 U.S. at 71 (holding that neither a State nor its officials acting in their official capacities are "persons" amenable to suit for damages under § 1983). Accordingly, the undersigned recommends that Defendant's Motion to Dismiss be granted as to any claim against Defendant in his official capacity.

## II. Individual Capacity Claims

The Eleventh Amendment does not bar an award of damages against an official in his personal or individual capacity. *See, e.g.*, *Adams v. Ferguson*, 884 F.3d 219, 225–26 (4th Cir. 2018). To establish a cause of action under 42 U.S.C. § 1983, a plaintiff must show: (1) the violation of a right protected by the Constitution or laws of the United States, and (2) that the defendant was acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Mallory v.*

*Holdorf*, No. 3:11-03295-MBS, 2012 WL 4479070, at *4 (D.S.C. Sept. 28, 2012) (explaining that "42 U.S.C. § 1983 is the vehicle by which individuals make legal claims for violations of their federal rights").

As to Plaintiff's claims alleged against Defendant in his individual capacity, Defendant argues that "[t]here is nothing [in the Complaint] that sets forth how Plaintiff alleges his [Fourth, Fifth, Sixth, and Fourteenth Amendment] rights were violated." ECF No. 12-1 at 3. Defendant specifically argues that any malicious prosecution claim is not ripe and that there can be no false arrest claim. ECF Nos. 12; 12-1 at 4–6.

Plaintiff responds that he can establish a civil rights claim based on the prolonged traffic stop and his arrest without probable cause. *See* ECF No. 15. He also makes arguments regarding the Speedy Trial Act and the right to confront witnesses. *Id.*

Although the undersigned agrees with Defendant that Plaintiff does not allege facts to support a claim of Fifth or Sixth Amendment violation,[3] the undersigned finds that the Complaint,

---

[3] None of the facts alleged in the Complaint support a claim against Defendant under either the Fifth or Sixth Amendment. Moreover, although Plaintiff mentions the Speedy Trial Act in his Response in Opposition to the Motion to Dismiss, see ECF No. 15 at 5, Plaintiff has no viable federal claim under the federal Speedy Trial Act, 18 U.S.C. § 3116, *et. seq.*, which "applies only to criminal prosecutions brought by the Unites States, not by state or local governments." *Iacobucci v. Town of Bonneau*, No. CV 2:18-0152-DCN-BM, 2019 WL 5874210, at *14 n.22 (D.S.C. May 29, 2019), *report and recommendation adopted,* No. 2:18-CV-00152-DCN-BM, 2019 WL 4686433 (D.S.C. Sept. 26, 2019). "Similarly, the Sixth Amendment applies in the context of criminal cases[] and provides no basis for relief in civil cases filed pursuant to 42 U.S.C. § 1983." *Id.* (collecting cases). Additionally, to the extent Plaintiff is challenging the duration of his pretrial detention, habeas relief cannot be granted in a § 1983 case. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973) (attacking the length or duration of confinement is within the core of habeas corpus).

liberally construed, states a plausible claim for violation of Plaintiff's Fourth Amendment and Fourteenth Amendment rights. *See* ECF No. 1 at 6–7.

### A. Fourth Amendment

The Fourth Amendment of the United States Constitution guarantees the right of the people to be free from unreasonable searches and seizures and provides that no warrants shall be issued except upon probable cause, supported by oath or affirmation and particularly describing the place to be searched and the persons or things to be seized. U.S. Const. amend. IV. "The touchstone of our analysis under the Fourth Amendment is always 'the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security.'" *Pennsylvania v. Mimms*, 434 U.S. 106, 108–09 (1977) (quoting *Terry v. Ohio*, 392 U.S. 1, 19 (1968)). "Reasonableness, of course, depends 'on a balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers.'" *Id.* at 109 (quoting *United States v. Brignoni–Ponce*, 422 U.S. 873, 878 (1975)).

Here, Plaintiff alleges that his Fourth Amendment rights were violated when Defendant initiated a traffic stop of Plaintiff's bicycle and arrested him. ECF No. 1 at 6–7.

"A traffic stop constitutes a 'seizure' under the Fourth Amendment and is thus subject to a reasonableness requirement." *United States v. Williams*, 808 F.3d 238, 245 (4th Cir. 2015) (citing *Whren v. United States*, 517 U.S. 806, 810 (1996)). "To satisfy the reasonableness requirements for an investigative detention, a traffic stop must be legitimate at its inception, and the officers' actions during the stop must be 'reasonably related in scope' to the basis for the stop." *United States v. Hill*, 852 F.3d 377, 381 (4th Cir. 2017) (quoting *Williams*, 808 F.3d at 245).

An officer may initiate a constitutionally acceptable traffic stop when the officer has "probable cause to believe that a traffic violation has occurred," *Whren*, 517 U.S. at 810, or "a

reasonable articulable suspicion that criminal activity is afoot," *see Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (citing *Terry*, 392 U.S. at 30). "[A] seizure that is lawful at its inception can nevertheless violate the Fourth Amendment because its *manner* of execution unreasonably infringes on rights protected by the Fourth Amendment." *United States v. Bowman*, 884 F.3d 200, 209 (4th Cir. 2018) (internal quotation marks omitted) (emphasis in original). For instance, "a traffic stop becomes unlawful when it is prolonged beyond the point at which 'tasks tied to the traffic infraction are—or reasonably should have been—completed,' even if only for a *de minimis* period of time." *Id.* at 210 (quoting *Rodriguez v. United States*, 575 U.S. 348, 354 (2015)); *see Illinois v. Caballes*, 543 U.S. 405, 407 (2005) ("A seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission."). The tolerable duration of a traffic stop "is determined by the seizure's mission, which is to address the traffic violation that warranted the stop and attend to related safety concerns." *Rodriguez*, 575 U.S. at 354 (internal quotation marks and citation omitted). "[I]n order to extend the detention of a motorist beyond the time necessary to accomplish a traffic stop's purpose, the authorities must either possess reasonable suspicion or receive the driver's consent." *Bowman*, 884 F.3d at 210 (internal quotation marks omitted).

According to the Complaint, Defendant told Plaintiff that he initiated the stop because "Plaintiff did not have a light on [the] back of his bike." ECF No. 1 at 6. However, Plaintiff alleges that at the time of the stop, it was daylight, and the headlights of the officer's patrol car were not even on. *Id.* He also alleges that he was not given a warning or ticket for any violation related to the bicycle light. *Id.* at 7. Plaintiff also alleges that the traffic stop lasted "at least 35 to 45 minutes" before Plaintiff was arrested and the back-up officer arrived. *Id.* He further alleges that Defendant found only a legal pipe on Plaintiff's person, but Defendant told him he was being arrested and

9

charged with possession of cocaine for cocaine that the other officer had found in the woods. *Id.* at 6–7. Plaintiff alleges that he was being framed as neither he nor Defendant had gone into the woods, and it was not until after he was handcuffed in the back of the patrol car that the other officer arrived and allegedly found cocaine. *Id.*

Accepting the truth of these factual allegations and drawing all reasonable inferences in favor of Plaintiff, the undersigned finds Plaintiff plausibly alleged that Defendant did not, at the time he initiated the stop, have probable cause to believe that a traffic violation had occurred nor reasonable suspicion that criminal activity was afoot. Plaintiff also alleged sufficient facts to state a claim that Defendant lacked probable cause to arrest him. "Probable cause to justify an arrest arises when 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998) (alterations in original) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).

In the Motion, Defendant asserts that the arrest was made pursuant to a facially valid warrant, such that there can be no claim for false arrest. ECF No. 12-1 at 4–5. "A false-arrest claim applies only to the reasonableness of a *warrantless* arrest and cannot be maintained when the official arrests a defendant pursuant to a facially valid warrant." *Thurston v. Frye*, 99 F.4th 665, 673 n.3 (4th Cir. 2024) (emphasis in original) (citation and internal quotation marks omitted). However, Plaintiff does not allege that he was arrested pursuant to a warrant, and the facts alleged in the Complaint, viewed in the light most favorable to Plaintiff, plausibly state that his warrantless

10

arrest for possession of cocaine was not reasonable.[4] Accordingly, at this stage of the litigation, Plaintiff has stated a plausible claim for false arrest in violation of the Fourth Amendment.

Although Defendant may ultimately be able to demonstrate probable cause, Plaintiff's Complaint alleges sufficient facts to permit a reasonable inference that Plaintiff was arrested without probable cause. *See Harrison v. Prince William Cnty. Police Dep't*, 640 F. Supp. 2d 688, 702 (E.D. Va. 2009) ("The facts, as recounted in the Complaint, state that Plaintiff did nothing to lead [the officer] to believe that a crime had been or was being committed. . . . For the purposes of a motion to dismiss, this is sufficient to allege that [the officer] did not have probable cause to seize or arrest Plaintiff." (citation omitted)); *Lee v. City of Fayetteville*, No. 5:23-CV-743-FL, 2024 WL 3073714, at *4–5 (E.D.N.C. June 20, 2024) ("[P]laintiff allege[d] sufficient facts to permit a reasonable inference that she was arrested without a warrant and without probable cause" when "no warrant allegedly was obtained prior to her arrest, and plaintiff alleges no facts or circumstances supporting officers' accusation that plaintiff had fictitious tags"); *Ali v. Raleigh*

---

[4] Defendant attaches as an Exhibit to his Motion copies of two arrest warrants issued on June 8, 2025, the day after Plaintiff alleges he was arrested. Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of the allegations set forth in the complaint and "documents that are explicitly incorporated into the complaint by reference, and those attached to the complaint as exhibits." *Goines*, 822 F.3d at 165–66 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); Fed. R. Civ. P. 10(c)). "Consideration of extrinsic documents by a court during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (further explaining that such "conversion is not appropriate when the parties have not had an opportunity to conduct reasonable discovery"). Here, Plaintiff does not mention any warrant in his Complaint, nor did he attach any documents to his Complaint, such that the documents in Defendant's Exhibit were neither attached to nor incorporated into the Complaint. As such, the Court should not consider the Exhibit in ruling on the Rule 12(b)(6) motion. *See Lee v. City of Fayetteville*, No. 5:23-CV-743-FL, 2024 WL 3073714, at *4–5 (E.D.N.C. June 20, 2024), at *4–5 (finding arrest warrant should not be considered in reviewing motion to dismiss because it was (1) not mentioned in the complaint and therefore not integral and (2) not determinative of plaintiff's false arrest claim because it was not obtained prior to plaintiff's arrest (citing *Porterfield*, 156 F.3d at 568)).

*Cnty.*, No. 5:17-CV-03386, 2018 WL 4101517, at *9 (S.D.W. Va. Aug. 28, 2018) (plaintiff's allegations that defendant worked with others to arrest him knowing "that the alleged illegal activity was falsely made up by other named Defendants in order to create probable cause" satisfactorily alleged a claim of warrantless arrest). Accordingly, the undersigned finds that Plaintiff has stated a claim for violation of his Fourth Amendment rights.[5]

### B. Fourteenth Amendment

Defendant does not make any specific arguments for dismissal of any Fourteenth Amendment claim but generally argues that Plaintiff has not stated any claim. *See* ECF Nos. 12, 12-1. Liberally construed, Plaintiff's Complaint alleges that Defendant and the other officer framed Plaintiff by planting cocaine at the scene, which amounts to a claim that Defendant violated Plaintiff's Fourteenth Amendment rights by fabricating evidence to falsely charge him with possession of cocaine.

To state a Fourteenth Amendment fabrication of evidence claim, a plaintiff must allege facts showing that "(1) that officers fabricated or omitted material evidence; (2) that he suffered a loss of liberty; and (3) that the loss of liberty was caused by the fabricated evidence." *Harris v. Town of S. Pines*, 110 F.4th 633, 645 n.6 (4th Cir. 2024); *see id.* at 646 ("[T]he alleged harm in a due process fabrication of evidence case is the wrongful initiation of prosecution. . . . Whether the

---

[5] Defendant argues that, to the extent Plaintiff is asserting a claim for malicious prosecution, his claim is not ripe because his criminal charges are still pending. ECF No. 12-1 at 4. Although Plaintiff twice uses the word "malice," it is not clear that he intends to allege a malicious prosecution case. To state a claim for malicious prosecution, "a plaintiff must show that (1) the defendant seized him pursuant to legal process but without probable cause and (2) the criminal proceedings terminated in the plaintiff's favor." *See Thurston v. Frye*, 99 F.4th 665, 673 (4th Cir. 2024). Plaintiff does not allege that his criminal proceedings have terminated in his favor, such that he does not state a claim for malicious prosecution. Moreover, to the extent Plaintiff's criminal charges are still pending, any claim for malicious prosecution would be premature. However, because Plaintiff has stated a claim for false arrest, the undersigned does not recommend dismissal of Plaintiff's Fourth Amendment claim at this time.

defendant is detained pre-trial or not, he experiences a deprivation of liberty when criminal proceedings against him are initiated." (internal quotation marks omitted)); *Massey v. Ojaniit*, 759 F.3d 343, 354 (4th Cir. 2014) ("Fabrication of evidence alone is insufficient to state a claim for a due process violation; a plaintiff must plead adequate facts to establish that the loss of liberty . . . resulted from the fabrication.").

Plaintiff alleges that the drug evidence was fabricated in that he did not have the drugs on his person during his arrest, did not go into the woods where the cocaine allegedly was found, and he believes he was "framed." ECF No. 1 at 6–7. Plaintiff also alleges he suffered a loss of liberty when he was arrested for possession of cocaine based on the allegedly planted drugs. *Id.* Assuming the truth of Plaintiff's allegations for purposes of a 12(b)(6) motion, the undersigned finds that Plaintiff has stated a plausible claim for violation of his Fourteenth Amendment right to due process. *See Harris*, 110 F.4th at 645 n.6. Accordingly, Defendant's Motion to Dismiss should be denied as to this claim.

### CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 12) be **GRANTED**, in part, and **DENIED**, in part. Specifically, the undersigned recommends that the Motion be granted as to any claims alleged against Defendant in his official capacity and any Fifth or Sixth Amendment claims but denied as to the Fourth and Fourteenth Amendment claims alleged against Defendant in his individual capacity.

**IT IS SO RECOMMENDED**.

The parties are referred to the Notice Page attached hereto.

February 23, 2026                     Molly H. Cherry
Charleston, South Carolina            United States Magistrate Judge

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).